ROSENDO COTAL, Plaintiff and Appellant, *v.* JOSEFINA DÍAZ, Defendant and Appellee.

No. 4643.   Argued February 28, 1929.—Decided March 12, 1929.

*Tomás Castillo León* for the appellant.   *Sergio León Lugo* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the trial of this case in the District Court of Ponce on appeal from the judgment of a municipal court the district court sustained the defendant's demurrer on the ground of insufficient facts to constitute a cause of action and rendered judgment against the plaintiff.   That judgment was appealed from as being erroneous.

It is alleged in the complaint that the plaintiff was the owner until 1924 of an urban property in the city of Ponce consisting of a lot of 470.67 square meters on which is built a frame house with a galvanized iron roof officially assessed

at $420, that is, $350 for the lot and $70 for the house; that on the said date the internal revenue collector of Ponce seized the said property for the collection of $32.38 for delinquent taxes and sold it at public auction to the defendant for that sum; that the house alone is a marketable property because it is small, made of wood, not permanently attached to the soil and could be moved on wheels to any part of the city without any impairment according to the recognized and ancient custom of the country, and that the proceeding followed by the collector for the seizure and sale of the property is void because he seized the whole property, that is, the house and lot, while it was sufficient, in order to collect the debt of $32.38, to seize and sell the house alone, as it was assessed at a sum larger than the debt. On these allegations he prayed that the seizure and sale be held void and that the court order restitution to him by the defendant of the house and lot.

The appellee says in her brief that this court has no jurisdiction of this appeal because the amount involved is not the $420 at which the property was assessed, but the $32.38 for which the collector sold it, this being less than the statutory $300 which gives the court jurisdiction of appeals of this kind.

According to subdivision 2 of section 295 of the Code of Civil Procedure, as amended in 1905, an appeal may be taken from the judgment of a district court rendered on appeal from an inferior court if the value of the property claimed or the amount of the judgment, not including products and interest, exceeds three hundred dollars; and though it was prayed in this case that the seizure and sale of the property for $32.38 be declared void, its purpose is to claim the restitution or delivery of a property valued at $420 by means of the declaration of nullity. Therefore, as the value of the thing claimed is more than $300, this court has jurisdiction of the appeal.

As appears from the averments of the complaint, the only

reason given for praying that the house and lot be returned to the plaintiff by the purchaser at the public sale, the only defendant, is that the internal revenue collector should have seized and sold the house alone and that his not doing this renders the seizure and sale proceeding instituted by him null and void.

Although section 339 of the Political Code prescribes that the internal revenue collector shall seize and sell enough of the real property of a delinquent tax-payer to pay said taxes, the sale made by him of the house and lot in this case is not void because buildings and structures of every kind adherent to the soil are in the nature of immovables, according to subdivision 1 of section 335 of the Civil Code, and the plaintiff's house formed a part of the lot of ground, thus constituting a single property. Admitting as true, as alleged by the appellant, that the house could be detached from the lot and moved to another place without being impaired and that therefore it was marketable independently of the lot, the collector has not committed any void act because he is not bound by law to investigate and decide in each proceeding whether the house can be detached without impairment to the lot on which it is built so as to become salable independently for the purpose of seizing and selling it apart from the ground on which it stands. Moreover, as section 315 of the Political Code provides that attachments for delinquent taxes, whether real or personal, shall have the effect of a judgment against all of the property of the delinquent attached, and as section 253 of the Code of Civil Procedure provides that the judgment debtor, if present at the sale, may direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the marshal must follow such directions, the appellant had an opportunity to request that the house be sold independently of the lot, and it is not alleged that this was done.

For the foregoing reasons the judgment appealed from must be affirmed.